IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| HOAI THANH | * | |
|---|---|---|
| Appellant, | * | |
| v. | * | Civil No. **PJM 09-02422** |
| | * | Bankr. Petition No. 09-16698 |
| HIEN THI NGO | * | |
| Appellee. | * | |

## MEMORANDUM OPINION

Hoai Thanh ("Thanh") has appealed a decision of the Bankruptcy Court, alleging that the Bankruptcy Court improperly denied his Motion to Lift Stay in which he sought permission to proceed with a suit in state court that had been stayed by the bankruptcy proceeding. Appellee Hien Thi Ngo ("Ngo") has filed a Motion to Dismiss [Paper No. 5], claiming that dismissal of the appeal is appropriate in light of Thanh's violation of Federal Rule of Bankruptcy Procedure 8006 and his use of offensive language in his brief. Thanh has filed what he styles a "Motion for Judicial Notice" [Paper No. 15], urging the Court to take judicial notice of the fact that he filed a timely Motion to Lift Stay in the Bankruptcy Court.

For the following reasons, Ngo's Motion to Dismiss is **DENIED WITHOUT PREJUDICE** and the case is **REMANDED** to Bankruptcy Court for a determination on the merits as to whether Thanh's Motion to Lift Stay should have been granted.

### I.

Prior to 2008 and the pending bankruptcy proceeding, Ngo, her brother Hung Ngoc Ngo, and corporations with which they were associated, Vietnamese Public Radio, Inc. and the Committee for Religious Freedom in Vietnam, Inc., sued Thanh for defamation in four separate

1

suits, two in the Circuit Court for Montgomery County and two in this Court. All of those suits were subsequently dismissed.

In 2008, Thanh, sued Ngo, Ngo's brother, and their corporations in a separate action in this Court, alleging claims of "false light," "conspiracy to commit false light," defamation, conspiracy to defame, malicious prosecution, and "conspiracy to maliciously prosecute." Thanh submitted that the defendants had broadcast false information about him which forced his Vietnamese-language newspaper out of business and that their actions, moreover, caused him to suffer a stroke such that he had to abandon another business. That suit was remanded to the Circuit Court for Montgomery County. Following remand, Thanh went forward in the suit *pro se*. Sometime after that, Ngo filed this bankruptcy proceeding. The filing automatically abated Thanh's ongoing state suit.

In June 2009, Thanh, acting *pro se* attempted to file a Motion to Lift Stay in the Bankruptcy Court so that he could proceed with his claims against Ngo in state court. Although both Thanh's first and second attempts to file his Motion to Lift Stay were rejected by the Clerk of the Bankruptcy Court, supposedly for failure to comply with procedural requirements, by July 24, 2009 Thanh successfully filed his Motion. In August 2009, however, the Bankruptcy Court denied the Motion on the grounds that it was untimely filed.

In September 2009, Thanh, acting pro se, appealed that decision to this Court, in response to which Ngo has filed her Motion to Dismiss. Ngo argues that dismissal pursuant to Bankruptcy Rule 8001(a) is appropriate because Thanh failed to file within 10 days either a designation of the items to be included in the record on appeal or a statement of the issues, as required by Bankruptcy Rule 8006. Ngo further argues that Thanh's brief contains offensive

language which impugns the integrity of Counsel and the Court, misconduct which in and of itself merits dismissal.

Thanh, now represented by counsel, has filed a Motion for Judicial Notice, arguing that the Bankruptcy Court erred in denying his Motion to Lift Stay because in fact he did file the Motion in a timely manner.

## II.

A district court exercises discretion in determining whether to dismiss a bankruptcy appeal for a procedural violation of the Federal Rules of Bankruptcy Procedure. *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995). To dismiss an appeal for violation of Bankruptcy Rule 8006, "the district court must take at least one of the following steps:

> (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of sanctions and available alternatives." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992).

*Serra* "normally require[s] a district court to consider and balance all relevant factors" before dismissing an appeal. *In re SPR Corp.*, 45 F.3d at 74. Dismissal of a bankruptcy appeal for a procedural violation is a "harsh sanction which a district course must not impose lightly." *In re Serra Builders, Inc.*, 970 F.2d at 1311 (discussing *In re J.R. Orgain, Jr.*, 898 F.2d 146 (4th Cir. 1990)).

## III.

The Court does not believe that dismissal (as opposed to remand, as hereinafter explained), is appropriate. From the Court's review of the transcript in the bankruptcy proceeding, it appears that at least at one point the Bankruptcy Court did indicate that a Motion to Lift Stay could be filed as late as July 27, 2009. Because Thanh's Motion was in fact filed

three days before that date, there is at least a colorable argument that the Motion was timely filed and should not have been summarily denied.

Contrary to Ngo's argument, Thanh's *pro se* filings do not evidence "negligen[ce] with regards to the procedural requirements of the bankruptcy appeals process" that would warrant dismissal. *In re Serra Builders, Inc.*, 970 F.2d at 1311. Indeed, Thanh made at least two good faith efforts to file within the established deadline for filing. He has thus made a plausible showing that he tried to act with dispatch. Further, because Thanh ultimately filed his Motion by what was arguably the required date, any delay caused by his initial incorrect filings was not unduly prejudicial to Ngo. Since the Court finds neither negligence, bad faith nor any prejudicial effect from the delay caused by Thanh's unsuccessful initial efforts to file his Motion, dismissal for a violation of Bankruptcy Rule 8006 would be unduly harsh and the Court deems it inappropriate. *See In re Serra Builders, Inc.*, 970 F.2d at 1311. Appellee's Motion to Dismiss [Paper No. 5] is therefore **DENIED WITHOUT PREJUDICE**;[1]

---

[1] Although the Court has determined not to dismiss the appeal based on Thanh's intemperate accusations against opposing counsel, the Bankruptcy Court, and the Court system in general, the Court cannot permit those invectives to go unremarked.

Rightly or wrongly, the Bankruptcy Judge made a decision that Thanh's Motion to Lift Stay was untimely. Opposing counsel had every right to argue that it was. The proper remedy to correct any error below was to appeal to this Court, which in fact was done.

Thanh, however, did not and does not have license to trash counsel and a judge along the way. He was in no sense victimized by the Bankruptcy Court's decision and he certainly was not victimized because he is Vietnamese or Asian, a self-pitying accusation which the Court finds particularly offensive.

Thanh will receive fair and equal treatment in the U.S. legal system, but in the future, if he persists in making unfounded aspersions, he may well face sanctions.

Nor should Thanh conclude that he is now entitled to have his Motion to Lift Stay granted by the Bankruptcy Court. There may be any number of grounds why the Court may decide that the Motion deserves to be denied. What Thanh gets now is only a hearing on his Motion.

There is one other troublesome aspect to Thanh's appeal which, while not a basis for dismissal, provides another reason to caution against those who traffic in reckless accusations. Reading the transcript of Thanh's testimony before the Bankruptcy Court, it is clear (as he

## IV.

In what Thanh styles his Motion for Judicial Notice, he argues that the Bankruptcy Court improperly denied his Motion to Lift Stay because the Bankruptcy Judge wrongly held that the Motion was filed too late. Although the title of the pleading is somewhat unconventional, the Court agrees with Thanh that his Motion to Lift Stay should not have been denied as untimely by the Bankruptcy Court. The Court holds that the Bankruptcy Court should therefore decide Thanh's Motion to Lift Stay on the merits. The case is **REMANDED** to Bankruptcy Court for a determination as to whether Thanh's Motion to Lift Stay should be granted.

A separate Order will issue.

July 28, 2010

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

---

himself says therein) that his mastery of English is limited. Yet his "pro se" pleading was obviously prepared by someone with fluency in the English language. That person—lawyer, paralegal, or otherwise—unquestionably facilitated the making of Thanh's scurrilous remarks, and had no basis whatsoever to believe they were fairly made. That person—whatever his or her status (and particularly if that person is an attorney, see Federal Rule of Civil Procedure 11)—is cautioned that he or she, too, may face sanctions if he or she in the future contributes to the sort of verbal improprieties that characterize Thanh's "pro se" pleadings before this Court.