# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **HOAI THANH** | * | |
| Appellant | * | |
| v. | * | Civil No. **PJM 09-2422** |
| | * | Bankr. Petition No. 09-16698 |
| **HIEN THI NGO** | * | |
| Appellee | * | |

## MEMORANDUM OPINION

Hoai Thanh ("Thanh") has filed a Motion for Costs of Appeal Upon Reversal and Remand [Paper No. 19], wherein he asks the Court to award him, pursuant to Federal Rule of Bankruptcy Procedure 8014, certain costs associated with his prior appeal from a decision of the Bankruptcy Court. For the reasons set forth below, Thanh's Motion is **DENIED**.

## I.

In prior proceedings in state court, Thanh sued Appellee Hien Thi Ngo ("Ngo"), Ngo's brother Hung Ngoc Ngo, and their corporations, Vietnamese Public Radio, Inc. and the Committee for Religious Freedom in Vietnam, Inc., claiming that they broadcast false information that forced Thanh's Vietnamese-language newspaper out of business.[1] After Thanh brought suit, Ngo declared bankruptcy. In June 2009, Thanh filed a Motion to Lift Stay in the Bankruptcy Court in which he requested leave to proceed with his suit against Ngo in state court. In August 2009, the Bankruptcy Court denied Thanh's Motion to Lift Stay on the grounds that it was untimely filed. Then, on September 2, 2009, Thanh appealed the Bankruptcy Court's decision to this Court. Subsequently, Ngo filed a Motion to Dismiss Thanh's appeal on the

---

[1] Thanh initially filed his defamation suit against Ngo in this Court, which subsequently remanded the case to the Circuit Court for Montgomery County, Maryland.

grounds that Thanh failed to comply with Bankruptcy Rule 8006, which requires a bankruptcy appellant to timely "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8006.

On July 28, 2010, this Court issued an Opinion and Order denying Ngo's Motion to Dismiss without prejudice and remanding the case to the Bankruptcy Court for a determination on the merits as to whether Thanh's Motion to Lift Stay should have been granted. *See* Memorandum Opinion of July 28, 2010 [Paper No. 17]. In its Opinion, however, the Court admonished Thanh for including in his briefs "intemperate accusations against opposing counsel, the Bankruptcy Court, and the Court system in general."[2] A few weeks later, Thanh filed the instant Motion for Costs of Appeal [Paper No. 19], which he brings pursuant to Bankruptcy Rule 8014.

## II.

Under Bankruptcy Rule 8014, the costs of an appeal "shall be taxed against the losing party," except "as otherwise provided by law, agreed to by the parties, *or ordered by the district court* or the bankruptcy appellate panel." Fed. R. Bankr. P. 8014 (emphasis added). Where a judgment of the Bankruptcy Court is affirmed or reversed in part, or is vacated, "costs shall be allowed *only as ordered by the court*." *Id.* (emphasis added).

The plain language of Rule 8014 and the applicable case law demonstrate that the district court has discretion to award—or not award—costs under the Rule, irrespective of whether there

---

[2] The Court's admonition read, in part, as follows: "Thanh . . . did not and does not have license to trash counsel and a judge . . . . He was in no sense victimized by the Bankruptcy Court's decision and he certainly was not victimized because he is Vietnamese or Asian, a self-pitying accusation which the Court finds particularly offensive. Thanh will receive fair and equal treatment in the U.S. legal system, but in the future, if he persists in making unfounded aspersions, he may well face sanctions." Memorandum Opinion of July 28, 2010, at 4 n.1.

-2-

was a "losing party" or, instead, the judgment of the Bankruptcy Court was "affirmed or reversed in part." *See Bear Stearns Sec. Corp. v. Gredd*, 421 B.R. 613, 617 (S.D.N.Y. 2009) ("[T]he plain language of the rule indicates that an award of costs is within our discretion—regardless of whether we conclude that there was a 'losing party' in the appeal to this Court or, instead, that the Bankruptcy Court's decision was 'affirmed [and] reversed in part.'"); *Gwynn v. Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008) (holding that the decision of whether to award costs under Bankruptcy Rule 8014 rests within the discretion of the court).

### III.

In his very brief Motion for Costs of Appeal, Thanh argues that, because this Court remanded the case to the Bankruptcy Court for a decision on the merits as to Thanh's Motion to Lift Stay, he is entitled, under Rule 8014, to an award of "the costs for having to appeal, and ultimately have reversed," the prior decision of the Bankruptcy Court. In response, Ngo argues that Thanh is not a "prevailing party" within "the general meaning of the case law," nor is Ngo the "losing party" within the meaning of Rule 8014. In making these arguments, however, Ngo cites only cases decided in non-bankruptcy contexts and which do not address the language or meaning of Rule 8014.[3] Ngo also argues that costs are inappropriate in light of the fact that, in its Opinion of July 28, 2010, the Court admonished Appellant for his inflammatory and accusatory briefing on appeal. Further still, Ngo takes issue with some of the items listed in the bill of costs that Thanh filed with his Motion, and also notes that the bill of costs was not accompanied by supporting documentation.

---

[3] For instance, Ngo cites *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001), in which the Supreme Court analyzed the meaning of the term "prevailing party" as used in numerous federal statutes. Like the other cases Ngo cites, *Buckhannon* is not directly on point, as it is not a bankruptcy case, nor does it in any way address Bankruptcy Rule 8014 or the term "losing party" that the Rule invokes.

**IV.**

Upon careful review of Thanh's Motion, Ngo's Opposition thereto, and the applicable law, the Court is convinced that an award of costs is not appropriate here. To the extent that Thanh prevailed on appeal, he succeeded only in achieving a remand to the Bankruptcy Court for consideration on the merits of his Motion to Lift Stay; he did not, it must be noted, succeed in reversing a decision on the merits by the Bankruptcy Court. Indeed, as this Court noted in its Opinion of July 28, 2010: "Thanh [should not] conclude that he is now entitled to have his Motion to Lift Stay granted by the Bankruptcy Court. There may be any number of grounds why the Court may decide that the Motion deserves to be denied. What Thanh gets now is only a hearing on his Motion." Memorandum Opinion of July 28, 2010, at 4 n.1.

Moreover, as Ngo rightly points out, Thanh's briefing on appeal was laced with inflammatory language that unjustifiably accused opposing counsel, the Bankruptcy Court, and the judicial system in general of bias. As the Court made plain in its Opinion, such unfounded aspersions might very well have exposed Thanh to sanctions.

In light of these considerations, and in recognition of the discretion that Bankruptcy Rule 8014 confers on the Court, the Court concludes that Thanh is not entitled to an award of the costs associated with his appeal.

**V.**

For the reasons set forth above, Thanh's Motion for Costs of Appeal Upon Reversal and Remand [Paper No. 19] is **DENIED**.

A separate Order will **ISSUE**.

**October 6, 2010**               _____/s/_____
                                       **PETER J. MESSITTE**
                                  **UNITED STATES DISTRICT JUDGE**